United States Courts
Southern District of Texas
ENTERED

DEC 2 8 2006

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. § § § | |
| Plaintiff, § § | CASE NO: H-03-2910 |
| v. § § | |
| GLOBALSANTAFE CORPORATION; GLOBAL MARINE, INC.; GLOBAL SANTA FE DRILLING COMPANY; GLOBAL MARINE DRILLING COMPANY § § § § § § | |
| Defendants. § | |

# FINAL JUDGMENT

In accord with the jury verdict and the court's post-verdict orders [Document Nos. 224, 237, 243, 244 and 250], the court ADJUDGES that plaintiff Transocean Offshore Deepwater Drilling Company ("Transocean") shall recover from defendants GlobalSantaFe Corporation, Global Marine, Inc. GlobalSantaFe Drilling Company, and Global Marine Drilling Company, their officers, agents, servants, employees, and attorneys (collectively "GlobalSantaFe"):

1. $4,501,250 in damages;

2. five percent (5%) of revenue received for work performed after November 30, 2006 by the Development Driller I and Development Driller II until GlobalSantaFe complies with the injunction for each rig;

3. $76,194 in prejudgment interest ($70,782 through December 15, 2006 plus $451 for each day thereafter until entry of judgment);

4. Transocean's taxable costs; and

5. post-judgment interest at a rate of ~~4.90~~ 4.95% per annum on the above amounts.

25726404.1

Further, the court PERMANENTLY ENJOINS GlobalSantaFe, and those persons actively in concert or participation with GlobalSantaFe who receive actual notice of the order by personal service or otherwise, from making, using, selling, offering for sale, or importing the Development Drillers I and II without the below modifications within the United States during the term of U.S. Patent Nos. 6,047,781 or 6,068,069. GlobalSantaFe shall modify the Development Drillers I and II to prevent tubulars from being advanced into the water through the auxiliary well center by December 31, 2006. Specifically, GlobalSantaFe shall attach a casing sleeve with a solid bottom to the rotary table of the auxiliary well center. GlobalSantaFe shall weld a circular plate to the casing sleeve to inhibit it from being removed from the rotary table. GlobalSantaFe shall not remove the casing sleeve from the auxiliary well center except during the following situations:

(1) During an emergency situation to prevent harm to human life, the drilling rig, or the environment, GlobalSantaFe may temporarily remove the casing sleeve during the emergency, but the auxiliary rotary table shall not be used for drilling or auxiliary drilling operations while the casing sleeve is removed; and

(2) During maintenance or repairs to the surface equipment on the main well center that GlobalSantaFe expects will render the main well center inoperable for several days or more, GlobalSantaFe may remove the casing sleeve from the auxiliary well center, but only after GlobalSantaFe (1) pulls up to the surface any string of tubulars suspended from the main well center and (2) caps the main rotary table with a plate. Once the main well center has been capped, GlobalSantaFe shall not remove the cap from the main rotary table for at least 96 hours and not until after the casing sleeve has been re-attached to the auxiliary rotary table.

GlobalSantaFe shall provide Transocean with IADC reports on a monthly basis showing the daily activity on the Development Drillers to ensure that the auxiliary well center has not been used for operations to the seabed other than as set forth herein. One employee of Transocean shall be permitted to review those reports to ensure compliance with this order. That employee will execute a confidentiality agreement agreeing not to use the information contained in those reports for any purpose other than ensuring GlobalSantaFe's compliance with this order.

All relief not expressly granted is DENIED.

This is a FINAL JUDGMENT.

Signed at Houston, Texas, on December 27, 2006.

_____
Sim Lake
United States District Judge